IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BANKERS LIFE AND CASUALTY COMPANY | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 1:17-cv-315<br>)<br>) |
| NANCY ARLENE KLAPES, and HOME NURSING SERVICES, INC., | )<br>) ***COMPLAINT FOR DECLARATORY***<br>) ***JUDGMENT*** |
| Defendants. | ) |

Plaintiff, BANKERS LIFE AND CASUALTY COMPANY ("BANKERS LIFE"), by and through undersigned counsel, as and for its Complaint against NANCY ARLENE KLAPES ("KLAPES") and HOME NURSING SERVICES, INC. ("HOME NURSING"), respectfully states as follows:

## I.   PARTIES

1. Plaintiff BANKERS LIFE is an insurance company organized and existing under the laws of Illinois, having a principal place of business in Chicago, Illinois, and is a citizen of Illinois. BANKERS LIFE is licensed to engage in business in the State of Indiana as a foreign corporation and conducts business in Allen County, Indiana.

2. Defendant NANCY ARLENE KLAPES is an individual residing in and a citizen of Fort Wayne, Allen County, Indiana, and is the insured under a long term insurance policy issued by BANKERS LIFE, and is otherwise *sui juris*.

3. Defendant HOME NURSING SERVICES, INC. is an Indiana corporation with its principal place of business in Indiana, is a citizen of Indiana, and is authorized to do business in, and does business in the State of Indiana as a duly licensed home health care agency. It is joined

as a necessary and indispensable party to this action, since a Court declaration in favor of BANKERS LIFE may adversely impact the material interests of this defendant.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) as at least one of the Defendants is a resident of this judicial district and all Defendants are residents of Indiana; and, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## III. FACTUAL BACKGROUND

6. On or about February 13, 2000, BANKERS LIFE issued a Long-term Care Insurance Policy to NANCY A. KLAPES bearing policy number *****1,561 ("the Policy"). A copy of the Policy is attached hereto as Exhibit "A."[1] The Policy initially provided a daily benefit of $180.75, with a 5 percent annual compound benefit increase, an unlimited maximum benefit, and a waiver of premium at 90 days. It has continued to renew from the time of its issuance and is presently in force.

7. BANKERS LIFE reimburses the insured and/or providers for home health care services pursuant to the terms of the Policy. Before benefits are paid for on the insured's covered expenses, BANKERS LIFE reviews the necessity of care and treatment of the insured.

---

[1] Exhibits are redacted for HIPAA and privacy reasons.

8. After such review, BANKERS LIFE issues a determination that certain claims for provider services qualify for covered expenses based on the provisions of the Policy. BANKERS LIFE provides a detailed plan of care, which documents the reasons for approving the insured's claim request, as well as the specific type, level and frequency of long-term care services.

9. Since January 2007, and to the present, KLAPES has reported chronic medical conditions that appear to meet the "functional incapacity" definition under the Policy, in that it appears therein that she requires hands-on or standby assistance, from a caregiver, with her activities of daily living including bathing, toileting, eating, dressing, transferring and continence. During this period, KLAPES' reports of her functional capacity level have appeared to trigger eligibility for home health care benefits from BANKERS LIFE under the terms and conditions of the Policy.

10. Since January 2007 to the present, KLAPES has claimed coverage and reimbursement for expenses incurred for a caregiver's home health care services she has purportedly required at both her residences in Fort Wayne, Allen County, Indiana.

11. KLAPES reportedly received home health care services from a caregiver at her residence approximately four (4) days a week, six (6) hours per day. Upon information and belief, KLAPES has for a presently undetermined period of time submitted reports, records and documentation for the caregiver's services that were indicative of a need for services, but which were inconsistent with evidence received by BANKERS LIFE that indicate she does not require, or no longer requires, home health care services.

12. KLAPES issued an Assignment of Benefits to HOME NURSING, such that services for her caregiver are paid directly to HOME NURSING based on invoices provided to HOME NURSING by the caregiver.

13. BANKERS LIFE has communicated with KLAPES, directly and through her counsel, to advise her that BANKERS LIFE has become aware of evidence indicating she may not be entitled to benefits under the terms of the policy, and in response KLAPES has continued to assert her right to benefits. There is, therefore, an actual and present controversy between the parties regarding KLAPES' entitlement to benefits.

14. On July 29, 2017, BANKERS LIFE sent correspondence to KLAPES and her counsel in which BANKERS LIFE advises that it has determined it will pay policy benefits to KLAPES under reservation of rights, pending the issuance of a Declaratory Judgment, which letter is attached hereto as Exhibit "B."

## COUNT I – DECLARATORY JUDGMENT

15. Plaintiff incorporates each and every allegation set forth in Paragraphs 1 through 14 of this Complaint as if fully stated herein.

16. Pursuant to the Indiana Uniform Declaratory Judgment Act, IC 34-14-1-1, *et seq.,* the Federal Declaratory Judgment Act (28 U.S.C. § 2201 *et seq.),* and Rule 57 of the Federal Rules of Civil Procedure, BANKERS LIFE seeks a declaratory judgment regarding the rights and obligations of the parties hereto arising under the Policy.

17. Pursuant to IC 34-14-1-11, HOME NURSING is a necessary and indispensable party to this action to the extent a judicial declaration of no coverage or no obligation on the part of BANKERS LIFE to pay outstanding benefit claims will adversely and materially affect it by divesting it of its ability to collect its contractual share of claim payments under its contract with the home caregiver or caregivers who provide home care for KLAPES.

18. BANKERS LIFE seeks a declaration that it is not obligated for payment of further and on-going benefits under the Policy because KLAPES does not actually require, or no longer requires, the home health care for which she has received benefits under the Policy.

WHEREFORE, BANKERS LIFE respectfully prays this Court enter an Order:

A) declaring that BANKERS LIFE is not liable for payment of long-term care benefits to KLAPES directly or through her Assignment of Benefits given her present functional capacity;

B) declaring that BANKERS LIFE is not liable for payment of long-term care benefits to HOME NURSING pursuant to KLAPES' Assignment of Benefits, given her present functional capacity;

C) for all such further relief this Courts deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff BANKERS LIFE respectfully demands trial by jury in this action of all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff BANKERS LIFE reserves the right to amend this Complaint, upon completion of investigation and discovery, to assert any additional claims for relief against the Defendants or other parties as may be warranted under the circumstances and as allowed by law.

Respectfully submitted,

Date: July 26, 2017

/s/ Steven K. Huffer
Steven K. Huffer, Atty. No. 8459-49
S.K. HUFFER & ASSOCIATES, P.C.
12821 East New Market Street, Suite 250
Carmel, IN 46032
Telephone: (317) 564-4808
E-mail: steveh@hufferlaw.com

Attorneys for Plaintiff,
Bankers Life and Casualty Company